Morton & Craig LLC
John R. Morton, Jr., Esq.
110 Marter Ave.
Suite 301
Moorestown, NJ 08057
Telephone: 856-866-0100
Attorney for: Credit Acceptance Corporation
JM-5630_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>MARK A. DOWNING<br><br>NADINE A. DOWNING | Case No. 19-25219(ABA)<br><br>Chapter 13<br><br>Hearing Date: 10-9-19<br><br><br><br>**OBJECTION TO CONFIRMATION** |

Credit Acceptance Corporation ("Credit Acceptance" or "CAC"), a secured creditor of the Debtor, objects to the Debtors' plan for the following reasons:

a. **910 CLAIM; PLAN TREATMENT SHOWS ON PACER BUT NOT WHEN PLAN PRINTED OUT; AMOUNT AND INTEREST BEING PAID TO CAC TOO LOW:** The vehicle in this matter (a 2006 DODGE RAM 1500 QUAD CAB) was purchased by the debtors on 2-13-18, less than 910 days prior to filing. It cannot be crammed down. The net loan balance due CAC at filing was $18,094.33. Interest rate in the plan is too low  The plan should be amended to pay Credit Acceptance $18,094.33 with interest at 6.25% (being prime at 5.25%

plus a risk factor of 1%).  The trustee should compute interest.  If interest was pre-computed, the trustee would pay CAC $21,115.28 over 60 months.

b. **Adequate protection payments:**  The plan should be modified to pay CAC adequate protection payments of $271 a month beginning in September of 2019 (being 1.5% of the net loan balance to be paid to CAC).  Adequate protection payments must be given super priority administrative expense status and paid ahead of attorney fees both before and after confirmation and until regular distributions begin to be made to CAC.

c. **Proof of insurance:** The vehicle must be insured with comprehensive and collision insurance coverage and liability coverage in accordance with the requirements contained in the contract.  Credit Acceptance Auto Finance must be listed as loss payee or additional insured. **The Debtor must provide Credit Acceptance with proof that the vehicle is insured in accordance with §1326(a)(4) and this portion of the objection to confirmation should be considered a demand that the Debtor provide proof of insurance**.

d. Credit Acceptance must retain its lien on the vehicle following confirmation, until it is paid in full through

the plan, the plan is completed by the debtor and the debtor receives a discharge.

e. **Order of distributions:** The order of distributions must be changes to account for the priority of adequate protection payments to Credit Acceptance.

/s/ John R. Morton, Jr.
John R. Morton, Jr., attorney for
Credit Acceptance Corporation

Dated: 9-24-19